## Frances W. Goodman v. Administrator, Unemployment Compensation Act

SUPERIOR COURT · · · · · NEW HAVEN · · · · · FILE No. 68175

Memorandum filed June 24, 1947.

*James F. Rosen*, of New Haven, for the Plaintiff.

*William L. Hadden*, Attorney General, and *Harry Silverstone*, Assistant Attorney General, for the Defendant.

MELLITZ, J. The plaintiff appeals from the action of the commissioner for the third congressional district denying her unemployment compensation benefits. The commissioner denied her claim on the ground that she was not available for work within the meaning of the Unemployment Compensation Act.

The plaintiff is a widow, having two minor children, and was employed as a factory worker for three years until she was laid off for lack of work on April 24, 1945. Prior to her marriage she studied hairdressing, and after she was laid off from her factory position she again studied hairdressing, took the state examination, and received a first-year license in February, 1946. Since then she has worked two days a week as a part-time apprentice in a beauty shop and is desirous of continuing this type of work and obtaining her third-year license because such work offers more stability and a better future for her and her family.

The commissioner found that the plaintiff's chief interest seemed to be in her hairdressing work, that the pursuit of this interest has prevented her from looking for factory work on her own initiative and that, although she claims she would accept suitable factory work, she has shown no really active interest in seeking such work. The commissioner concluded that under all the circumstances it must be held that the plaintiff is concentrating her efforts on furthering her interests as a hairdresser and has actually withdrawn herself from the labor market as far as factory work, on which she earned her wage credits, is concerned.

The plaintiff testified that she has at all times been willing to accept any factory work she was capable of doing and to work regular factory hours, and that she could do such work while continuing her efforts toward obtaining her third-year license as a hairdresser.

Undisputed facts required to be added to the finding pursuant to the plaintiff's motion to correct the finding are that she registered for work on April 1, 1946, with the United States employment service, indicated her desire for suitable employment as a factory worker, was willing to accept suitable employment in factory and industrial work and was unable to find work in a factory up until the time of the hearing.

There was no testimony and no finding that the plaintiff was at any time referred to a suitable factory job nor that she at any time refused to accept available or suitable work in a factory.

The availability requirement of the act was considered in *Reger* v. *Administrator,* 132 Conn. 647, 650, and it was there held that the requirement was satisfied when an individual was willing, able and ready to accept suitable work which he does not have good cause to refuse; and that, as long as no provision of the act disqualifies him, he is entitled to its benefits when he has exposed himself unequivocally to the labor market.

Under the terms of the statute presently in effect (General Statutes, Sup. 1941, § 718f[a]) an individual who is physically and mentally able to work sufficiently establishes that he is willing and ready to accept suitable work, and therefore is available for work, when he registers for work at the public employment bureau in the manner prescribed by the statute. By the terms of subsection (b) such an individual may disqualify himself and be rendered ineligible for unemployment benefits if he fails without sufficient cause either to apply for suitable

work when directed so to do by the public employment bureau, or the administrator, or to accept suitable work when offered him by the public employment bureau or an employer.

Here the plaintiff registered for work with the United States employment service and indicated a willingness to accept suitable factory work. In the absence of a finding that she refused to apply for or accept suitable factory work offered to her, a conclusion that she was not available for work, and on that account ineligible for unemployment benefits, is not warranted. The plaintiff is not rendered ineligible by the fact that she has a continuing interest in her hairdressing work, so long as her activity in the pursuit of that interest does not affect her availability for such factory work as may be suitable and to which she may be referred or which may be offered to her.

The case is remanded to the commissioner for a correction of the finding and for an award of benefits upon the corrected finding.